UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
O'KEITH LEWIS, JR.,                               :
                                                  :        **MEMORANDUM AND ORDER**
                                  Plaintiff,      :           17-cv-01666 (DLI) (AKT)
                                                  :
                -against-                         :
                                                  :
THE COUNTY OF NASSAU, NASSAU                      :
COUNTY POLICE DEPARTMENT,                          :
DETECTIVE ANTHONY ALMANZAR,                        :
Shield No. 179, and POLICE OFFICERS              :
"JOHN DOES" No. 1-5, in their official and       :
individual capacity,                              :
                                                  :
                                  Defendants.     :
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

On March 25, 2017, O'Keith Lewis, Jr. ("Plaintiff") commenced this action pursuant to 42

U.S.C. § 1983 against the County of Nassau ("Nassau County"), Nassau County Police

Department ("NCPD"), and Detective Anthony Almanzar, Shield No. 179 ("Det. Almanzar")

(collectively, "Defendants").[1]  *See*, *generally*, Compl., Dkt. Entry No. 1.  On January 16, 2018,

Ralph J. Reissman, Esq. filed a notice of appearance on behalf of all Defendants.  *See*, Notice of

Appearance, Dkt. Entry No. 19.  However, on January 30, 2019, Mr. Reissman filed a Declaration

of Amended Notice of Appearance clarifying his representation noting that  he represented Nassau

County and NCPD, but not Det. Almanzar because he is not a member of the NCPD.  *See*, Decl.

of Am. Notice of Appearance, Dkt. Entry No. 22.  According to an affidavit of service dated

October 23, 2017, belatedly filed by Plaintiff on February 26, 2019, Plaintiff served the summons

and complaint on Det. Almanzar by delivering copies of each to Officer Fuller, Shield No. 1254,

---

[1] Plaintiff also names as defendants "Police Officers 'John Does' No. 1-5, in their official and individual capacity."  To date, Plaintiff has not identified these unnamed defendants.  Accordingly, the claims against them are dismissed.  *See*, *Coward v Town and Village of Harrison*, 665 F. Supp.2d 281, 300-01 (S.D.N.Y. 2009).

at the Hempstead Village Police Department, 99 Nicholas Court, Hempstead, NY 11550. *See*, Aff. of Service, Dkt. Entry No. 27. Det. Almanzar neither has answered the complaint nor otherwise appeared in this case.

Since inception, Plaintiff's counsel ("Counsel") has violated court rules and orders consistently. By electronic order dated June 30, 2017, the magistrate judge notified Counsel to appear for an initial conference on August 11, 2017. Counsel did not appear. *See*, Electronic Order dated August 18, 2017. Counsel then was "directed to submit a letter no later than August 22, 2017 explaining her failure to appear as well as the failure to seek an adjournment in compliance with the Court's Rules" and the initial conference was rescheduled for September 5, 2017. *Id.* Counsel never filed the letter and failed to appear at the September 5, 2017 conference. *See*, Dkt. Entry No. 6. Consequently, Counsel was ordered to appear "and show cause why she should not be sanctioned, up to and including the prospect of a contempt finding, for her failure to comply with the Orders of this Court." *Id*.

Counsel appeared at the show cause hearing on September 29, 2017. Dkt. Entry No. 7. There was no appearance by Defendants because Counsel had not served the complaint in violation of Rule 4(m) of the Federal Rules of Civil Procedure. *Id*. The magistrate judge directed Counsel to serve the complaint properly and file proof of service by October 20, 2017, emphasizing that, if Counsel did not comply with the deadline, the magistrate judge would recommend dismissal of the action. *Id*. Again, Counsel violated a court order by serving the complaint on October 20, 2017, but not filing proof of service as required; instead, Counsel filed the summonses. *See*, Dkt. Entry No.s 15 – 17 and Electronic Order dated October 27, 2017. Counsel was directed to file proof of service forthwith. *Id.* Counsel did not comply prompting the magistrate judge to advise Counsel that she would be issuing a report and recommendation to the district judge

recommending dismissal for failure to prosecute.    Yet again, Counsel did not comply.    On December 1, 2017, the magistrate judge noted Counsel's noncompliance and advised that she would proceed to provide a report and recommendation to the district judge recommending dismissal.  *See*, Order, Dkt. Entry No. 18.

Upon defense counsel's entry in the case on January 16, 2018, the magistrate judge directed Counsel to file proof of service no later than January 24, 2018, admonishing that failure to comply would result in the automatic imposition of sanctions.  *See*, Order, Dkt. Entry No. 20.   Once more, Counsel did not comply.

After nearly a year of inactivity in this case, on January 4, 2019, the Hon. Joseph F. Bianco, then United States District Judge assigned to this case[2], ordered Counsel to file a status report letter by January 25, 2019.  *See*, Electronic Order dated January 4, 2019.   Again, Counsel did not comply. Thereafter, on January 29, 2019, the magistrate judge issued an order to show cause at a hearing to be held on February 26, 2021 why the action should not be dismissed, and Counsel sanctioned for her failure to comply with multiple orders to file proof of service of the summons and complaint upon Defendants and with Judge Bianco's status report order.  *See*, Order to Show Cause, Dkt. Entry No. 21.

Counsel waited to file proof of service until just hours before the show cause was hearing held on February 26, 2019.  *See*, Dkt. Entry Nos. 25 – 27. At the hearing, *inter alia,* Counsel requested that the case not be dismissed and stated that she wished to move forward with the case. Minute Entry and Order Re: Show Cause Hearing, Dkt. Entry No. 29, at ¶ 4.  So as not to penalize Plaintiff who had been unaware until just before the hearing of Counsel's noncompliance, the magistrate judge, *inter alia,* directed Counsel to move for an entry of notation of default and default

---

[2] On March 8, 2019, this case was reassigned to the undersigned district judge due to the appointment of Judge Bianco to the Second Circuit Court of Appeals.

judgment against Det. Almanzar by April 4, 2019, and within two weeks of the hearing to file a stipulation of dismissal as to NCPD because it is not a suable entity and amending the caption accordingly. *Id*. at ¶¶ 6-7. Other procedures and deadlines, including for discovery and dispositive motion practice, were discussed and set. *See generally, Id.* To date, Counsel has not taken any steps whatsoever to prosecute this case against Det. Almanzar. Nor did Counsel ever file a stipulation of dismissal as to NCPD or request amendment of the case caption removing NCPD as a party, resulting in defense counsel to move for summary judgment dismissing NCPD from this case. Accordingly, for the reasons set forth below, this action is dismissed with prejudice as to Det. Almanzar for failure to prosecute.

## LEGAL STANDARD and DISCUSSION

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630-31 (1962). "Under [Federal Rule of Civil Procedure 41(b)] and the inherent power of a court to dismiss for failure to prosecute, a district judge may, *sua sponte*, and without notice to the parties, dismiss a complaint for want of prosecution, and such dismissal is largely a matter of the judge's discretion." *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir. 1966).

A district court considering dismissal for failure to prosecute must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order; (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the

judge has adequately considered a sanction less drastic than dismissal.  *Peters v. Dep't of Corr. of N.Y.C.,* 306 F.R.D. 147, 149 (S.D.N.Y. 2015).  No one factor is dispositive.  *Nita v. Conn. Dep't of Envtl. Prot.,* 16 F.3d 482, 485 (2d Cir. 1994).

Here, all factors weigh heavily in favor of dismissing Det. Almanzar from this action.  From the very beginning of this four-year long action and through to summary judgment motion practice (*See,* Order dated April 13, 2021),  Counsel has consistently and persistently violated the Federal Rules of Civil Procedure, the Court's Local Rules, and Court Orders.[3]  As demonstrated above, repeated warnings by the magistrate judge and the district judge then assigned to the case that failure to comply with court orders and proper procedures would result in dismissal of this action in its entirety and the imposition of sanctions, went unheeded by Counsel.  Even the imposition of a $500 fine could not motivate Counsel to comply.  *See,* Dkt Entry No. 33.

Given the age of this case, it is reasonable to assume that Det. Almanzar would be prejudiced by permitting this case to go forward against him.  Significantly, while he has not appeared in this case, based on the information available on the docket, it appears that Det. Almanzar may not have been served properly.  There is no proof in the record as to which agency employed Det. Almanzar.  Counsel was put on notice that service of process on Det. Almanzar may have been defective when defense counsel filed an Amended Notice of Appearance stating that Det. Almanzar was not employed by the NCPD or Nassau County as alleged in the complaint.  Yet, Counsel did nothing.  She did not seek leave to amend the summons or the complaint.  In any event, whether or not Det. Almanzar was served properly, if at all, it is clear from the history of

---

[3] As this Court noted in its Electronic Order of April 13, 2021 in which Plaintiff's memorandum in opposition was stricken for a number of errors and the facts contained in Defendant's Rule 56.1 Statement were deemed admitted due to Counsel's failure to submit a Rule 56.1 Statement in response, Counsel was given seven extensions of the deadline in which to file a cross-summary judgment motion and she did not file the motion at all, even after the Court expressly stated that no further extensions would be granted.  Accordingly, the Court deemed Plaintiff's right to file a cross-motion for summary judgment waived.  This most recent conduct by Counsel underscores the futility of granting Counsel any additional time to pursue this case against Det. Almanzar.

this case that Counsel did not take any steps whatsoever to prosecute this case against Det. Almanzar despite numerous directives to do so by the Court and warnings that failure to comply would result in dismissal for failure to prosecute.  Moreover, at this stage in the litigation, discovery is closed, and this Court is poised to render a decision on the motion for summary judgment filed by the appearing Defendants. To permit Counsel additional time to pursue a case against Det. Almanzar would be an unreasonable use of precious Court time and resources and would put Det. Almanzar at a tremendous disadvantage for the reasons already stated.

This case has been pending for four (4) years.  Discovery is now concluded, and the parties have engaged in summary judgment motion practice.  This Court is poised to render a decision on the summary judgment motion.  Counsel has been given ample time, consideration, warnings and opportunities to correct her contumacious conduct.  Lesser sanctions have been imposed to no avail.  The Court has no reason to believe, given Counsel's behavior to date, that Counsel would prosecute this case against Det. Almanzar properly, as required by procedural and court rules. Given Plaintiff's persistent utter disregard for court orders, local rules and the Federal Rules of Civil Procedure, this case is dismissed, with prejudice, against Defendant Detective Anthony Almanzar for failure to prosecute.

## CONCLUSION

For the reasons set forth above, Defendant Detective Anthony Almanzar is dismissed from this action with prejudice.

SO ORDERED.

Dated:  Brooklyn, New York
        September 16, 2021

                                                        /s/
                                                  DORA L. IRIZARRY
                                                United States District Judge