UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
O'KEITH LEWIS, JR.,                              :
                                                 :                    **MEMORANDUM AND ORDER**
                                    Plaintiff,   :                    17-cv-01666 (DLI) (AKT)
                                                 :
                     -against-                   :
                                                 :
THE COUNTY OF NASSAU, NASSAU                     :
COUNTY POLICE DEPARTMENT,                        :
DETECTIVE ANTHONY ALMANZAR,                      :
Shield No. 179, and POLICE OFFICERS             :
"JOHN DOES" No. 1-5, in their official and      :
individual capacity,                             :
                                                 :
                                    Defendants.  :
-------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

On March 25, 2017, O'Keith Lewis, Jr. ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 against the County of Nassau ("Nassau County"), Nassau County Police Department ("NCPD"), and Detective Anthony Almanzar, Shield No. 179 ("Det. Almanzar") (collectively, "Defendants")[1]. *See*, *generally*, Compl., Dkt. Entry No. 1. Plaintiff contends that Defendants subjected Plaintiff to false arrest, malicious prosecution and false/wrongful imprisonment in violation of the First, Fourth, Fifth, Eighth, and Fourteenth Amendments. *Id.* Plaintiff further asserts New York State common law causes of action for false arrest, malicious prosecution, negligence, negligent retention and hiring, and intentional infliction of emotional distress. *Id.*

On March 1, 2021, Defendants Nassau County and NCPD moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See*, Defs.' Mem. of Law in Supp. of Mot. for

---

[1] By separate Memorandum and Order issued on September 16, 2021, this action was dismissed with prejudice for failure to prosecute as to Police Officers "John Does" No. 1-5 and Det. Almanzar. *See*, Memorandum and Order, Dkt. Entry No. 48.

Summary J. Pursuant to R. 56 ("Def. Mem."), Dkt. Entry No. 46-2; Defs.' Statement Pursuant to Local R. 56.1 ("Def. 56.1"), Dkt. Entry No. 46-1.  Plaintiff opposed the motion.  *See*, Pl.'s Mem. in Opp'n to Defs.' Mot. for Summary J. ("Pl. Opp'n"), Dkt. Entry No. 46-3.  Defendants Nassau County and NCPD replied.  *See*, Defs.' Reply Mem. of Law ("Def. Reply"), Dkt. Entry No. 46-4. For the reasons set forth below, Defendants' motion is granted.

## BACKGROUND

### I.      Local Civil Rule 56.1

Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires a party moving for summary judgment to submit "a separate, short and concise statement, in numbered paragraphs" setting forth material facts as to which there is no genuine issue to be tried.  *See*, Local Civ. R. 56.1(a).  A party opposing a motion for summary judgment must submit "a corresponding numbered paragraph responding to each numbered paragraph in the statement of the moving party."  *See*, Local Civ. R. 56.1(b). The facts set forth in the moving party's Rule 56.1 Statement will be deemed admitted "unless specifically controverted by a correspondingly numbered paragraph" in the opposing party's Rule 56.1 Statement.  *See*, Local Civ. R. 56.1(c); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 72 (2d Cir. 2001).

Defendants submitted a statement of undisputed facts pursuant to Local Civil Rule 56.1. *See*, Def. 56.1.  Plaintiff failed to submit a Rule 56.1 Statement in response.  Accordingly, by Electronic Order issued on April 13, 2021, the Court deemed the facts set forth in Defendants' Rule 56.1 Statement admitted.  *See*, Electronic Order dated April 13, 2021 and Local Civ. R. 56.1(c); *See also*, *Estate of Keenan v. Hoffman-Rosenfeld*, 2019 WL 3416374, at *12 (E.D.N.Y. July 29, 2019), *aff'd*, 833 F. App'x 489 (2d Cir. 2020) (deeming admitted defendants' Rule 56.1

Statement where plaintiffs submitted "non-corresponding, and predominantly unresponsive" Rule 56.1 Statement); *Taylor & Fulton Packing, LLC v. Marco Intern. Foods, LLC*, 2011 WL 6329194, at *4 (E.D.N.Y. Dec. 16, 2011) ("Where a nonmovant fails to file a statement or files a deficient statement, courts frequently deem all supported assertions in the movant's statement admitted and find summary judgment appropriate.").  "The purpose of these rules is to enhance the Court's efficiency in reviewing motions for summary judgment by freeing the Court from hunting through a voluminous record without guidance from the parties."  *Watt v. New York Botanical Garden*, 2000 WL 193626, at n.1 (S.D.N.Y. Feb. 16, 2000).

Nonetheless, Defendants are not absolved of their burden to show that they are entitled to judgment as a matter of law and their Rule 56.1 Statement is not a "vehicle for making factual assertions that are otherwise unsupported in the record." *Holtz*, 258 F.3d at 74; *See also*, *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) ("[T]he district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion.") (citation omitted).

As it must, the Court has considered only facts that are established by admissible evidence and disregarded conclusory allegations and legal arguments contained in the 56.1 statement. *See*, *Holtz*, 258 F.3d at 73 ("[W]here there are no [] citations or where the cited materials do not support the factual assertions in the [s]tatements, the Court is free to disregard the assertion.") (internal quotation marks and citations omitted).

## II.   Factual Background

On May 14, 2003, William Douglas ("Douglas") was asleep at the kitchen table at Bernadette Coney's ("Coney") house located at 159 Harvard Street, Hempstead, New York.  Def.

56.1 at ¶ 1.  Douglas woke up when two men began hitting him in the face with a handgun and stole his car keys.  *Id*. at ¶ 2.  That same day, both Douglas and Coney submitted sworn statements to the Village of Hempstead Police Department ("Hempstead PD").  *Id*. at ¶¶ 2-3.  In his sworn statement, Douglas identified Plaintiff as one of the two men who had entered Coney's home, attacked Douglas, and stole his car keys.  *Id*.  In her first sworn statement describing the events, Coney identified Plaintiff by his voice as someone she knew "from hanging around the neighborhood."  *Id*. at ¶ 3.  Coney gave Hempstead PD another sworn statement a few hours later, after she discovered "the same gun [Plaintiff] used to burglarize [her] house a few hours prior" "sitting against the right side of [Coney's] house."  *Id*. at ¶ 4.  Coney also positively identified Plaintiff from a photo array to NCPD.  *Id*. at ¶ 7.

Hempstead PD identified Plaintiff as one of the suspects in the robbery and charged him with violation of Penal Law § 160-15.2, Robbery in the First Degree/Armed Deadly.  *Id*. at ¶¶ 5-6.  On August 27, 2013, Plaintiff was apprehended by Hempstead PD and additional charges were filed against him.  *Id*. at ¶ 8.  On September 5, 2013, Plaintiff was indicted by a Nassau County grand jury on charges of robbery in the first degree, three counts of robbery in the second degree, burglary in the first degree, burglary in the second degree, petit larceny, and criminal possession of a weapon in the third degree.  *Id*. at ¶ 9.  On September 30, 2014, after trial, a jury found Plaintiff not guilty on all charges.  *Id*. at ¶ 10.  On March 25, 2017, Plaintiff filed the instant action.

## LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In deciding a motion for summary judgment, the court "must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing

summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks and citations omitted).  A fact is "material" if it "might affect the outcome of the suit under governing law." *Id.* (internal quotation marks and citations omitted). An issue of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The movant bears the "difficult burden" of establishing that there are no genuine issues of material fact such that summary judgment is appropriate. *Jeffreys v. City of N.Y.*, 426 F.3d 549, 554 (2d Cir. 2005) (citation omitted).  Once the movant has met its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (internal quotation marks, citation, and emphasis omitted).  The nonmoving party may not rely on "[c]onclusory allegations, conjecture, and speculation." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) (citation omitted).

In determining whether summary judgment is warranted, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried[.]" *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir. 1986) (citations omitted); *See also*, *Jeffreys*, 426 F.3d at 553 ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.") (internal quotation marks and citation omitted).  However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should

not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## DISCUSSION

As an initial matter, early in this litigation, Plaintiff's counsel had been ordered by the magistrate judge "to prepare a stipulation removing the NCPD as a party and amending the caption" because NCPD, as an arm of a municipality, is not a suable entity.  *See*, Dkt. Entry No. 29.  Plaintiff never complied.[2]  "It is well-established that under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued."  *Allen v. New York*, 2015 WL 6507477, at *3 (E.D.N.Y. Oct. 27, 2015) (internal quotation marks and citation omitted).  Accordingly, summary judgment as to NCPD is granted.

## I.      The § 1983 False Arrest Claim

Nassau County contends that it is entitled to summary judgment on the false arrest claim because "no employee of Nassau County arrested Plaintiff" and Hempstead PD had probable cause to arrest Plaintiff.  *See*, Def. Mem. at 9-14.  Plaintiff only opposes Nassau County's contention that Hempstead PD had probable cause.  *See*, Pl. Opp'n at 4-5.  The elements of a false arrest claim are: "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged [by probable cause]."  *Weyent v. Okst*, 101 F.3d 845, 853 (2d Cir. 1996) (internal quotations omitted).

---

[2] As described throughout this Court's Memorandum and Order issued on September 16, 2021 dismissing this action against the John Doe Police Officers and Det. Almanzar, Plaintiff's counsel consistently and persistently failed to comply with Court Orders, the Court's Local Rules, and the Federal Rules of Civil Procedure.  *See generally,* Dkt. Entry No. 48.

On August 27, 2013, Plaintiff was apprehended by members of the Hempstead PD. Def. 56.1 at ¶¶ 5-6; *See*, Hempstead PD Crime Report ("Crime Report"), Ex. E, Dkt. Entry No. 46. Based on the undisputed facts viewed in a light most favorable to the non-moving party, there is no evidence in the record that Nassau County was involved in Plaintiff's arrest. Therefore, Plaintiff fails to meet the first prong of a false arrest claim under 42 U.S.C. § 1983.

Plaintiff also fails to establish the fourth prong of the false arrest claim test. "Probable cause to arrest exists when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Manganiello v. City of N.Y.*, 612 F.3d 149, 161 (2d Cir. 2010) (alterations, internal quotation marks and citations omitted). "[T]he issue of probable cause is a question of law to be decided by the [C]ourt only where there is no real dispute as to the facts or the proper inferences to be drawn from such facts," as in this case. *Virgil v. City of New York*, 2019 WL 4736982, at *4 (citing *Rounseville v. Zahl*, 13 F.3d 625, 630 (2d Cir. 1994) (internal quotation marks and citation omitted). "A law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitnesses, unless the circumstances raise doubt as to the person's veracity." *Fabrikant v. French*, 691 F.3d 193, 216 (internal quotation marks and citation omitted).

Here, within hours of the crime, two victims/eyewitnesses identified Plaintiff as the person who had broken into Coney's home and beat and robbed Douglas. On the day of the robbery, Douglas and Coney gave three sworn statements to Hempstead PD, each identifying Plaintiff as the perpetrator of the robbery. *See*, Def. 56.1 at ¶¶ 2-4. Coney also positively identified Plaintiff from a photo array to NCPD. *Id*. at ¶ 7. The undisputed facts, along with the sworn statements of

two victims, establish the existence of probable cause to arrest Plaintiff.  Accordingly, Plaintiff's false arrest claim is dismissed.

## II.      The § 1983 Malicious Prosecution Claim

Plaintiff asserts a claim for malicious prosecution under 42 U.S.C. § 1983, as to, *inter alia*, his charges of robbery in the first and second degrees under N.Y. Penal Law §§ 160.10 and 160.15 contending that the defendants lacked probable cause and had actual malice.  *See*, *generally*, Compl; *See*, *also*, Crime Report.  To prevail on a § 1983 claim for malicious prosecution, a plaintiff must establish the elements of a malicious prosecution claim under state law and must show a violation of rights under the Fourth Amendment.  *See*, *Roberts v. Babkiewicz*, 582 F.3d 418, 420 (2d Cir. 2009).  "In New York, the four essential elements of a malicious prosecution claim are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice."  *Dufort v. City of New York*, 874 F.3d 338, 350 (2d Cir. 2017) (citation omitted).  To establish a violation of rights under the Fourth Amendment, a plaintiff must show a "deprivation of liberty consistent with the concept of seizure. . . [that] resulted from the initiation or pendency of judicial proceedings.  *Id.*  (internal quotation marks and citations omitted).

"The existence of probable cause is a complete defense to a claim of malicious prosecution in New York and indictment by a grand jury creates a presumption of probable cause."  *Manganiello*, 612 F.3d at 161-62 (citing *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003).  As discussed above in connection with Plaintiff's § 1983 false arrest claim, there was ample probable cause to arrest Plaintiff as an initial matter.  Moreover, a Nassau County grant jury returned an indictment against Plaintiff for the robbery and related charges, presumptively

establishing probable cause for his arrest.  Consequently, the malicious prosecution claim is dismissed.

**III.      Plaintiff's State Law Claims**

Defendants contend that this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims as all federal claims should be dismissed,  Def. Mem. at 18-19. The Court agrees.  "We note that, under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction." *Schaefer v. Town of Victor*, 457 F.3d 188, 210 (2d Cir. 2006) (citation omitted). Accordingly, Plaintiff's state law claims are dismissed.

<u>**CONCLUSION**</u>

For the reasons set forth above, Defendant's motion for summary judgment is granted in its entirety.  Accordingly, this action is dismissed.

SO ORDERED.

Dated: Brooklyn, New York
           September  17, 2021


                                                                     /s/
                                                              _____
                                                              DORA L. IRIZARRY
                                                              United States District Judge