UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
O'KEITH LEWIS, JR., *pro se*, :
:
                       Plaintiff,       ;        **SUMMARY ORDER**
:        17-cv-01666 (DLI) (AKT)
                -against-                    :
:
THE COUNTY OF NASSAU, NASSAU :
COUNTY POLICE DEPARTMENT, :
DETECTIVE ANTHONY ALMANZAR, :
Shield No. 179, and POLICE OFFICERS :
"JOHN DOES" No. 1-5, in their official and :
individual capacity, :
:
                      Defendants. :
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On December 27, 2021, *pro se* Plaintiff O'Keith Lewis, Jr. ("Plaintiff"), moved to vacate the Court's September 17, 2021 Order granting Defendants' Motion for Summary Judgment (the "Summary Judgment Order," Dkt. Entry No. 49) pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)(6)"). *See*, Pl.'s Mot. to Vacate ("Pl.'s Mot."), Dkt. Entry No. 51. Defendants did not respond to the motion. Plaintiff seeks to vacate the Summary Judgment Order pursuant to Rule 60(b)(6), claiming ineffective assistance of counsel as "[counsel] disobeyed Court Orders and was totally incompetent." Pl.'s Mot. at 1. Plaintiff also alleges that his attorney has been disregarding Plaintiff's letters and calls requesting a copy of the docket in this closed matter. *Id*.

The Court presumes the parties' familiarity with the factual background and procedural history of this case.[1] Thus, only the facts relevant to the instant motion will be discussed herein.

---

[1] A more detailed discussion of the facts of this case are contained in the Court's Order of Dismissal for Failure to Prosecute as to Defendants Detective Anthony Almanzar and Police Officers "John Doe" Nos. 1-5 issued on September 16, 2021 ("Order of Dismissal," Dkt. Entry No. 48) and the Summary Judgment Order.

For the reasons set forth below, Plaintiff's motion is denied.

## LEGAL STANDARD

Pleadings and briefs submitted by *pro se* litigants are to be construed liberally, "reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (citation omitted). Even so, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law[.]" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (citation and quotation marks omitted). Nor are *pro se* litigants permitted to make "frivolous or vexatious filings[.]" *Id.* (citation omitted).

"[Rule 60(b)] permits a [c]ourt to 'relieve a party . . . from a final judgment, order, or proceeding' for certain enumerated reasons, or for 'any other reason that justifies relief.'" *Polit v. Glob. Foods Int'l Corp.*, 2016 WL 632251, at *1 (S.D.N.Y. Feb. 17, 2016); Fed. R. Civ. P. 60(b). "The decision to grant a [Rule 60(b)] motion is within the 'sound discretion of the district court,' and Rule 60(b)(6) is a 'grand reservoir of equitable power to do justice in a particular case.'" *Id*. at *1 (citing *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012)). "Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply, and if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012) (citation omitted). While Plaintiff asserts that his motion to vacate is pursuant to Rule 60(b)(6), the Second Circuit has held that relief from counsel's error normally is sought pursuant to Rule 60(b)(1) on the theory that such error constitutes mistake, inadvertence or excusable neglect. *In re Critical Care Support Servs.*, 236 B.R. 137, 142 (E.D.N.Y. 1999) (citing *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986)).

A party may be relieved from a final judgment, order or proceeding due to "mistake,

inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). However, "it is clear in this circuit that a litigant cannot find shelter pursuant to Rule 60(b)(1) from the ineffective assistance of counsel because "a person who selects counsel cannot thereafter avoid the consequences of the agent's act or omissions." *Thompson v. City of Mount Vernon*, 2002 WL 562653, at *2 (S.D.N.Y. Apr. 15, 2022) (citing *Nemaizer*, 793 F.2d at 62). The limited exceptions to this rule "involved not merely mistake, inadvertence, or excusable neglect but extraordinary circumstances, such as mental disorders on the part of counsel." *Id.* (citing *Grabois v. Cura Erect Corp.*, 981 F. Supp. 295, 298 (S.D.N.Y. 1997) (collecting cases)).

## ANALYSIS

In support of his motion, Plaintiff points to his counsel's deficiencies, which were noted by the Court in its Order of Dismissal and the Summary Judgment Order. *See*, Pl.'s Mot. at 3-9. While, at best, the deficiencies noted in the Court's previous orders can be characterized as negligence, "[P]laintiff has no ground for relief under Rule 60(b) because a client is not generally excused from the consequences of his attorney's nonfeasance or negligence." *Batac Dev. Corp. v. B&R Consultants, Inc.*, 2000 WL 307400, at *4 (S.D.N.Y. Mar. 23, 2000) (citation omitted). Moreover, "a lawyer's purported shortcomings present no cognizable ground for relief in a civil matter, where the Sixth Amendment right to counsel does not apply." *Brooks v. Doe Fund, Inc.*, 2020 WL 5706451, at *4 (E.D.N.Y. Sept. 24, 2020) (citing *Singh v. Home Depot U.S.A., Inc.*, 580 F. App'x 24, 25 (2d Cir. 2014)). Accordingly, Plaintiff's ineffective assistance of counsel claim under Rule 60(b)(1) is denied.

In the Second Circuit, "Rule 60(b)(1) and 60(b)(6) are mutually exclusive, so that any conduct which generally falls under the former cannot stand as a ground for relief under the latter."

3

*Stevens*, 676 F.3d at 67. However, even assuming for the sake of argument that Plaintiff could invoke Rule 60(b)(6), his motion would be denied as there is no showing of an exceptional circumstance or extreme hardship if relief is not granted. *ISC Holding AG*, 688 F.3d at 109 (citation omitted).

For purposes of Rule 60(b)(6), "[when] determining whether extraordinary circumstances are present, a court may consider a wide range of factors[,] [including], in an appropriate case, 'the risk of injustice to the parties' and the 'risk of undermining the public's confidence in the judicial process.'" *Buck v. Davis*, 137 S. Ct. 759, 778 (2017) (internal citation omitted). Although Plaintiff claims his counsel's deficiencies is an extraordinary circumstance that warrants relief, the deficiencies, at best, can be characterized as negligence as discussed above, and this is not a case of "'constructive disappearance' or a similar inability to provide adequate representation." *See*, *D'Angelo v. State Farm Fire & Cas. Co.*, 32 F. App'x 604, 605 (2d Cir. 2002) (holding that Rule 60(b)(6) requires "a showing of exceptional circumstances, such as a mental disorder," and "[a]n attorney's misconduct only rises to the level contemplated by Rule 60(b)(6) in cases of 'constructive disappearance' or a similar inability to provide adequate representation").

Moreover, the only hardship the Court can construe from Plaintiff's motion is his inability to obtain a copy of the public docket. This does not reach the level of "extreme hardship" that warrants relief under Rule 60(b)(6). *Id*. Accordingly, Plaintiff has not established the existence of an extraordinary circumstance or extreme hardship that warrants relief pursuant to Rule 60(b)(6).

Finally, even if Plaintiff's motion to reopen this case were to be granted, as discussed fully in this Court's Summary Judgment Order and Order of Dismissal, Plaintiff's claims either lacked

4

merit or could not be brought as a matter of law. As such, reopening the case would be an exercise in futility.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to vacate the Clerk's judgment and reopen this case is denied.

SO ORDERED.

Dated: Brooklyn, New York
       March 11, 2022

/s/
DORA L. IRIZARRY
United States District Judge